1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL SAMUEL JOHNSON,

11              Petitioner,              No. 2:11-cv-2733 KJM KJN P

12        vs.

13   GARY SWARTHOUT,

14              Respondent.             FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17              Petitioner is a former state prisoner, proceeding without counsel, with a petition

18   for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that his due process

19   rights were violated by an April 4, 2009 prison disciplinary violation finding him guilty of threat

20   of force or violence against a public official/peace officer.  (Dkt. No. 1 at 4-6.)  Pending before

21   the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules

22   Governing § 2254 Cases.  Petitioner filed an opposition, and respondent did not file a reply.  For

23   the reasons stated below, the court recommends that respondent's motion to dismiss be denied.

24   II.  Background

25              On April 4, 2009, petitioner was issued a rules violation report for threatening

26   staff pursuant to California Code of Regulations, title 15, section 3003.  (Dkt. No. 27-1 at 2.)

On May 8, 2009, petitioner attended a parole revocation hearing for threats against public officials, which was charged under California Code of Regulations, title 15, section 3003. (Dkt. No. 27 at 2.)  The Board found that the behavior was improperly classified because correctional officers are not elected officials or other persons described under section 3003.  (Id.) The charges were dismissed, but the Board noted that petitioner's threats could have been coded under other sections of the California Code.  (Id. at 2-3.)

On May 15, 2009, the rules violation hearing continued, and petitioner appeared. (Dkt. No. 27-1 at 5.)  Petitioner was informed that the evidence given in the disciplinary report also justified the charges of threatening staff under § 3005, and petitioner was offered a postponement of 24 hours to consider this additional information.  (Id.)  Petitioner waived any delay, stating that he understood the reports as well as these charges, and that he was prepared to begin the hearing.  (Id.)  Petitioner also stated that the Board "had already explained to him that the CCR of 3003 on his [rules violation report] should have been 3005."  (Id.)  Petitioner was found guilty of threat of force or violence against a public official/peace officer under an alternative section, California Code of Regulations, title 15, section 3005, and assessed a 150-day credit forfeiture.  (Dkt. No. 27-1 at 5.)

On February 7, 2010, petitioner appealed the rules violation.  (Dkt. No. 27-1 at 10.)  The appeal was denied in a Director's Level Decision issued July 28, 2010.  (Id. at 15.)

On March 2, 2011,[1] petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court, alleging due process violations in connection with the rules violation.  (Dkt. No. 27-1 at 18-23.)  On May 27, 2011, the petition was transferred to the Marin County Superior Court, because the petition should have been filed in the county of petitioner's incarceration where the alleged incidents occurred.  (Dkt. No. 27-1 at 116.)

---

[1]  Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988).  The court has given petitioner the benefit of the mailbox rule for the filing dates of his petitions.

1          The petition for writ of habeas corpus was filed in the Marin County Superior

2  Court on June 7, 2011.  (Dkt. No. 27-1 at 18.)  On July 1, 2011, the Marin County Superior Court

3  denied the petition, stating petitioner failed to state a prima facie case for relief, citing People v.

4  Duvall, 9 Cal. 4th 464, 474 (1995).[2]

5          Petitioner did not file a petition in the California Court of Appeals.

6          Petitioner filed a petition for writ of habeas corpus[3] in the California Supreme

7  Court on August 24, 2011.  (Dkt. No. 27-2 at 2-8.)  On September 21, 2011, the California

8  Supreme Court denied the petition without comment.  (Dkt. No. 1 at 19; 27-2 at 97.)

9          The instant petition was filed on October 13, 2011.  (Dkt. No. 1 at 7.)

10  III.  Legal Standards

11          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

12  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

13  petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section

14  2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions

15  to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)

16  (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no

17  claim for relief is stated").  However, a petition for writ of habeas corpus should not be dismissed

18  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

19  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  "Summary dismissal is

20  appropriate only where the allegations are vague [or] conclusory or palpably incredible, . . . or

21  patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal

22  quotations and citations omitted).

23  _____

24      [2]  A citation to Duvall means that the state court determined that petitioner had not pled
   facts with sufficient particularity.  See Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005).

25      [3]  As noted by respondent, petitioner placed a cover sheet on his superior court petition
   and filed it in the California Supreme Court, crossing out the earlier signed date and re-signing it
26  August 24, 2011.  (Id.)

IV.  Statute of Limitations

        Petitioner challenges a rules violation report received for threatening a correctional officer.  Respondent argues that only petitioner's dispute over whether there is some evidence to support the guilty disciplinary finding is a proper federal claim, but that claim is barred by the statute of limitations.

        The AEDPA was enacted on April 24, 1996.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

        The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and

////

1  qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the

2  applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

3       In the present case, the final decision on petitioner's administrative challenge to

4  his prison disciplinary conviction was issued on July 28, 2010.  (Dkt. No. 2-1 at 15.)  Thus,

5  AEDPA's one-year limitation period commenced the following day, on July 29, 2010.  See

6  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a) ("exclude

7  the day of the event that triggers the period")).  Therefore, absent statutory or equitable tolling,

8  petitioner's federal habeas petition was due on or before July 29, 2011.  Patterson, 251 F.3d at

9  1246.

10       In accordance with the tolling provisions of 28 U.S.C. § 2244(d)(2), petitioner

11  was "entitled to tolling of the one-year limitations period for those time periods during which his

12  'properly filed' state habeas petitions were 'pending.'"  Thorson v. Palmer, 479 F.3d 643, 645

13  (9th Cir. 2007).  The period between the denial of a state petition and the timely filing of a

14  subsequent petition in a higher court is also tolled.  See Evans v. Chavis, 546 U.S. 189, 191

15  (2006); Carey v. Saffold, 536 U.S. 214, 223 (2002).  Under California law, prisoners seeking

16  relief on collateral review file timely if the document is filed within a "reasonable time."  Evans,

17  546 U.S. at 192, citing In re Harris, 5 Cal. 4th 813, 828, n.7 (1993); see also Carey v. Saffold,

18  536 U.S. at 221.

19       Petitioner filed a petition in Kings County on March 2, 2011.  However, because

20  that petition was improperly filed in the wrong court, petitioner is not entitled to statutory tolling.

21  Artuz, 531 U.S. at 8; Hood v. Galaza, 47 F.Supp.2d 1144, 1147 (S.D. Cal. 1999).  Thus, the

22  limitations period ran from July 29, 2010, until June 7, 2011, when petitioner's first state habeas

23  petition was filed in Marin County Superior Court.  By June 7, 2011, 313 days of the limitations

24  period had elapsed.

25       Respondent argues that petitioner is not entitled to statutory tolling for the 60 day

26  delay between the July 1 denial and petitioner's filing in the California Supreme Court.

However, respondent did not give petitioner the benefit of the mailbox rule.  The Marin County Superior Court denied the petition on July 1, 2011.  Under the mailbox rule, petitioner filed his next petition in the California Supreme Court 54 days later, on August 24, 2011.  In Evans, the court stated that a petitioner must not unreasonably delay more than 30 to 60 days in filing a petition without explanation.  Id., 546 U.S. at 192-93.  Because petitioner's filing fell within the 60 day period, petitioner is entitled to tolling for the gap between these filings.  Thus, the limitations period was tolled from June 7, 2011, until September 21, 2011, when the California Supreme Court denied the petition, and petitioner had 52 days left to file a federal petition.

The limitations period began to run again on September 22, 2011.  Twenty-one days later, on October 13, 2011, under the mailbox rule, petitioner filed the instant petition.  Thus, the petition was timely-filed, and respondent's motion to dismiss should be denied.

V.  Federal Claims for Habeas Relief

Respondent argues that petitioner bases his claims for review solely on state law, without citing federal law, or stating a prima facie case for federal habeas review.  (Dkt. No. 27 at 4.)  Respondent moves to dismiss the petition for failure to state a claim because petitioner allegedly failed to present a factual and legal basis with his allegations, citing O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  (Dkt. No. 27 at 4.)

In opposition, petitioner reiterates his claims that he was denied the right to present evidence or call witnesses at the rules violation hearing, in violation of due process.  Although petitioner cites some state law cases, he also cites the federal due process clause, the Fourteenth Amendment, Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974), and other federal cases.  (Dkt. No. 30 at 4, 6-8.)  Petitioner argues he has those due process claims as well as his "some evidence" claim.  (Dkt. No. 30 at 6.)

A.  Standards

The establishment of jurisdiction is a necessary prerequisite to proceeding with this action.  Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009).  Challenges to the validity of

1   any confinement or to particulars affecting its duration are the province of habeas corpus." Hill

2   v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750

3   (2004)).  Therefore, the sole remedy for a prisoner seeking the restoration of good time credits

4   taken from him as a result of a disciplinary conviction hearing is a writ of habeas corpus.

5   Edwards v. Balisok, 520 U.S. 641, 644 (1997); Nonnette v. Small, 316 F.3d 872, 875 (9th Cir.

6   2002) ("It has been clear for over thirty years that a state prisoner seeking injunctive relief against

7   the denial or revocation of good-time credits must proceed in habeas corpus, and not under §

8   1983.")

9           Prisoners have certain due process rights in the disciplinary proceedings that may

10  take away those credits.  See Wolff, 418 U.S. at 556-57.  However, in prison disciplinary

11  proceedings, an inmate is not entitled to the full panoply of due process rights that apply to

12  traditional criminal cases.  Wolff, 418 U.S. at 556.  Rather, a prisoner's due process rights are

13  limited by the "legitimate institutional needs" of the institution.  Bostic v. Carlson, 884 F.2d

14  1267, 1269 (9th Cir. 1989).  In the prison disciplinary context, due process requires that the

15  prisoner receive:  (1) written notice of the charges; (2) at least 24 hours between the time the

16  prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his

17  defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for

18  taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary

19  evidence in his defense, when permitting him to do so would not be unduly hazardous to

20  institutional safety or correctional goals; and (5) legal assistance to the prisoner where the

21  prisoner is illiterate or the issues presented are legally complex.  Wolff, 418 U.S. at 563-71.

22          As to the merits of a disciplinary finding, due process requires that the decision be

23  supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455 (1984).  The "some

24  evidence" standard is "minimally stringent"; a decision must be upheld if there is any reliable

25  evidence in the record that could support the conclusion reached by the fact finder.  Id. at 455-56.

26  Determining whether a decision meets this standard on habeas review does not require a federal

1    court to reexamine the entire record, independently assess the credibility of witnesses, or re-

2    weigh the evidence.  Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).[4]  However,

3    the court must ascertain that the evidence has some indicia of reliability and, even if meager, "not

4    so devoid of evidence that the findings of the disciplinary board were without support or

5    otherwise arbitrary."  Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Hill, 472

6    U.S. at 457 (1985)).

7              B.  Analysis

8              In the petition, petitioner contends his due process rights were violated at the rules

9    violation hearing when petitioner was not permitted to present audiotape evidence of

10   Correctional Officer Foster's testimony at the parole revocation hearing, allegedly refuting

11   Foster's testimony at the rules violation hearing, or call witnesses, including the parole

12   commissioner who conducted that hearing, to demonstrate that Foster allegedly lied under oath at

13   petitioner's parole revocation hearing.  (Dkt. No. 1 at 4.)  Petitioner alleges he was deprived of

14   liberty without due process of law, citing the Fourteenth Amendment.  (Id. at 5.)  Petitioner

15   argues that because his parole revocation charge for the same conduct as his prison disciplinary

16   was dismissed, the prison disciplinary should not stand.  Petitioner asks the court to dismiss the

17   rules violation, restore all lost credits, and have the rules violation removed from his central file.

18   (Id.)  In his second claim, petitioner contends he was falsely imprisoned because the allegedly

19   illegal credit loss resulted in extra time added to his sentence.  (Dkt. No. 1 at 6.)  In his third

20   claim, petitioner contends he was required to serve an "illegal sentence," because the hearing

21   officer believed petitioner was innocent, but that without the audiotape from the parole violation

22   hearing, petitioner could not prove it.  (Id.)

23              This court finds that petitioner's three claims, read together, articulate facts

24   sufficient to allege federal due process claims, under both procedural and "some evidence"

25   _____

26        [4]  Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472
     (1995).

standards.  Petitioner claimed that he was denied his due process rights, that he requested and

was denied the opportunity to present evidence and testimony from witnesses, that petitioner was

found guilty of the rules violation and assessed the loss of good-time credits.  These allegations

are sufficient to allege a federal claim for habeas relief.  In this regard, it is important to keep in

mind that habeas "petitions must be read in context" and that "pro se [habeas] petitions are held

to a more lenient standard than counseled petitions."  Davis v. Silva, 511 F.3d 1005, 1009 (2008)

(quoting Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc), and Sanders v.

Ryder, 342 F.3d 991, 999 (9th Cir. 2003)).  Thus, respondent's motion to dismiss the petition

under Rule 4 should be denied.

VI.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's February 23, 2012 motion to dismiss (dkt. no. 27) be denied, and

2.  Respondent be directed to file an answer to petitioner's habeas petition within

sixty days from the date of any order by the district court adopting these findings and

recommendations.  Petitioner's reply, if any, shall be filed and served within thirty days after

service of the answer.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

objections, he shall also address whether a certificate of appealability should issue and, if so, why

and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

service of the objections.  The parties are advised that failure to file objections within the

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>,

2   951 F.2d 1153 (9th Cir. 1991).

3   DATED:  July 2, 2012

4

5                                        _____

6                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE
7   john2733.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26