IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

    Petitioner,          No. 2:11-cv-2733 KJM KJN P

    vs.

GARY SWARTHOUT,

    Respondent.          FINDINGS AND RECOMMENDATIONS

    _____/

I. Introduction

        Petitioner is a former state prisoner. On October 31, 2012, respondent filed a motion to dismiss this action. On November 5, 2012, petitioner was directed to file an opposition to the motion within twenty-one days. Petitioner did not file an opposition. On December 5, 2012, petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to the granting of the motion, and was directed to file an opposition within twenty-one days. On December 20, 2012, the order to show cause was returned by the postal service, noting that petitioner had moved, but left no forwarding address. Petitioner has not opposed the motion to dismiss, filed a response to the order to show cause, or filed a notice of change of address. As set forth more fully below, the court finds that respondent's motion to dismiss should be granted.

II. <u>Background</u>

On April 4, 2009, petitioner was issued a rules violation report for threatening staff pursuant to California Code of Regulations, title 15, section 3003.  (Dkt. No. 27-1 at 2.)

On May 8, 2009, petitioner attended a parole revocation hearing for threats against public officials, which was charged under California Code of Regulations, title 15, section 3003.  (Dkt. No. 27 at 2.)  The Board found that the behavior was improperly classified because correctional officers are not elected officials or other persons described under section 3003.  (<u>Id.</u>)  The charges were dismissed, but the Board noted that petitioner's threats could have been coded under other sections of the California Code.  (<u>Id.</u> at 2-3.)

On May 15, 2009, the rules violation hearing continued, and petitioner appeared.  (Dkt. No. 27-1 at 5.)  Petitioner was informed that the evidence given in the disciplinary report also justified the charges of threatening staff under § 3005, and petitioner was offered a postponement of 24 hours to consider this additional information.  (<u>Id.</u>)  Petitioner waived any delay, stating that he understood the reports as well as these charges, and that he was prepared to begin the hearing.  (<u>Id.</u>)  Petitioner also stated that the Board "had already explained to him that the CCR of 3003 on his [rules violation report] should have been 3005."  (<u>Id.</u>)  Petitioner was found guilty of threat of force or violence against a public official/peace officer under an alternative section, California Code of Regulations, title 15, section 3005, and assessed a 150-day credit forfeiture.  (Dkt. No. 27-1 at 5.)

On February 7, 2010, petitioner appealed the rules violation.  (Dkt. No. 27-1 at 10.)  The appeal was denied in a Director's Level Decision issued July 28, 2010.  (<u>Id.</u> at 15.)

The instant petition was filed on October 17, 2011.  Petitioner seeks, *inter alia*, restoration of lost time credits.  (Dkt. No. 1 at 5.)

On October 22, 2012, petitioner notified the court that he would be leaving jail on October 18, 2012, and provided a residential address, including an apartment number.  (Dkt. No. 47.)  Inmate locator for the California Department of Corrections and Rehabilitation reflects that

petitioner was not incarcerated in state custody as of January 7, 2013.  Thus, it appears petitioner has been released from custody.

III.  Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, . . . or patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

IV.  Analysis

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'"  Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  A federal habeas petition challenging an underlying criminal conviction is never rendered moot by the petitioner's release from custody when after its filing so long as there are collateral consequences that flow from the criminal conviction.  Wilson, 319 F.3d at 479 (citation omitted).  However, "the presumption of collateral consequences does not apply to prison disciplinary proceedings."  Wilson, 319 F.3d at 480.  In Wilson, the federal habeas petition was filed after the disciplinary action had been either withdrawn or completed.  Id., 319 F.3d at 479.  The Ninth Circuit concluded that the petitioner

////

had failed to allege any collateral consequences stemming from his prison disciplinary conviction sufficient to meet the case-or-controversy requirement. Id., 319 F.3d at 481-82.

Similarly, here, petitioner filed his federal habeas petition after the prison disciplinary action was completed. See also Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (holding that a habeas challenge to a loss of good time credits is rendered moot by one's release from custody where the discipline had no collateral consequences that followed release); Garrett v. Marshall, 2009 WL 3417786, *2 (C.D. Cal. Oct. 20, 2009) (habeas application challenging prison disciplinary conviction and loss of good time rendered moot by petitioner's release on parole); Washington v. Scribner, 2008 WL 2523247, at *2 (E.D. Cal. June 20, 2008) (When sentence expires and inmate subsequently released on parole, claims regarding the restoration of good-time credits lost at a disciplinary hearing become moot because that issue has no bearing on the length of parole term.); Tsehai v. Schwartz, 2007 WL 1087058, at *1 (E.D. Cal. Apr. 10, 2007) (federal habeas petition challenging a prison disciplinary conviction and forfeiture of time credits rendered moot by petitioner's release on parole).

Because petitioner has been released from custody, this court cannot grant any meaningful relief to petitioner. Therefore, this action should be dismissed as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's October 31, 2012 motion to dismiss (dkt. no. 49) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2733.mtd2